## A. Robertson v. Samuel Flower.

### Gen. No. 13,268.

NEGOTIABLE INSTRUMENT—*when composition agreement cannot affect drawer's liability upon check.* A composition agreement entered into between the drawer and a payee of a check cannot affect the liability of such drawer upon the check where before the making of such composition agreement it has passed by indorsement into the hands of an innocent holder for value.

Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed October 4, 1907.

**Statement by the Court.** This is a suit to recover on a check for $122.65 made by appellee payable to G. A. Meyer & Co. and dated ten days later than when it was so issued and delivered. The next day after its delivery to Meyer & Co. the latter transferred it by indorsement, without recourse, to appellant, who paid Meyer & Co. the full amount of the check, less five per cent discount. Before February 2, 1906, the day upon which the check was dated, appellee went out of business and made a composition agreement with creditors as follows: " Jan. 29, 1906. We, the undersigned creditors of Samuel Flower, hereby agree to accept sixty per cent of our respective claims as set forth below in full satisfaction

therefor, provided said sixty per cent is paid within seven (7) days from date thereof." This was signed by "G. A. Meyer & Co."

It is not claimed that any part of the money represented by the check in question has been paid to Meyer & Co. or anyone else under this composition agreement.

BERNARD J. BROWN, for appellant.

J. G. GROSSBERG, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged that the Circuit Court erred in overruling the objection of appellant to the introduction in evidence of the composition agreement made between appellee and Meyer & Co. The evidence is undisputed that before the said composition agreement was entered into, the check in question had passed out of the possession and control of Meyer & Co., the original payee, and had become the property of appellant for value. It is difficult to see therefore how any agreement between Meyer & Co. and appellee, whether purporting to include the check in question or not, could affect the right of appellant to enforce payment of the check according to its terms. Meyer & Co. had transferred the check to appellant without recourse and had been paid its full value, less a discount of five per cent. No agreement to compromise which they might make could affect the rights of appellant. It was error to permit the composition agreement to be introduced in evidence.

In Bickford v. First National Bank of Chicago, 42 Ill., 236–242, it was said, "all the authorities seem to agree that bank checks are substantially inland bills of exchange and the rules applicable to them are alike applicable to checks." If the bank upon which the check is drawn for any reason refuses to pay, the drawer is liable; and if it does not pay, "the drawer is answerable, he having due notice of non-payment." *Idem,* p. 243. In Rounds v. Smith, 42 Ill., 245–255, it is said "that the check though certified and used as money still retained all the characteristics of an inland bill

of exchange.   Being such the drawer is liable for the amount
after notice of presentation, and protest for non-payment all
of which appellant received in due form."    In the case at
bar notice and protest were unnecessary.   The composition
agreement with Meyer & Co. by appellee was made six days
after Meyer & Co. had discounted the check with appellant
and transferred it by indorsement.   As we have said, no act
of Meyer & Co. could affect appellant's right to collect the
full amount of the check.

The judgment is erroneous and it will be reversed and the
cause remanded.

*Reversed and remanded.*